■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY Ross, Appellant.—Case unanimously remitted to Onondaga County Court for further proceedings in accordance with the following memorandum: This is an appeal from a judgment of conviction of the crime of sexual abuse in the first degree, resulting from a plea of guilty entered on January 21, 1975. Thereafter on February 21, 1975 a probation report was furnished to the court indicating that defendant had no physical problem but that he had seen several psychiatrists and psychologists in his lifetime, and that he did spend approximately 10 years at Marcy State Hospital. Under these circumstances the court before imposing sentence requested that defendant be examined by one psychiatrist to determine whether he was fully aware of the nature of the charges against him and was able to participate in his own defense. The report of the psychiatrist stated that defendant was able to participate in his own defense. On February 26, 1975 defendant was sentenced to a term of seven years at Attica to run concurrently with the sentence he was serving on a charge of assault third degree in the Onondaga County Penitentiary. Appellant argues that the court should have appointed two psychiatrists to examine him and that the issue is not waived

by failure to object or by entering a plea of guilty. The court in *People v Armlin* (37 NY2d 167, 172) clearly directed that whenever "the procedure mandated by CPL article 730 [has] been invoked, the defendant [is] entitled to a full and impartial determination of his mental capacity". CPL 730.20 (subd 1) requires an examination of defendant by two qualified psychiatrists. Accordingly, this case should be remitted to the trial court for a proper determination of defendant's mental capacity at the time of sentencing; and if this is found favorable to the People, the judgment is affirmed. (Appeal from judgment of Onondaga County Court convicting defendant of sexual abuse, first degree.) Present—Marsh, P. J., Simons, Mahoney, Goldman and Del Vecchio, JJ.